# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEVEN D. STERNER,** : | |
| Petitioner, : | |
| : | **CIVIL ACTION** |
| v. : | |
| : | **NO. 13-5664** |
| **WARDEN TERRANCE D. MOORE,** : | |
| Defendant. : | |

# ORDER

**AND NOW**, this 11th day of March 2015, after a careful and independent consideration of the *pro se* petition for a writ of habeas corpus and of the Report and Recommendation ("R&R") of United States Magistrate Judge Lynne A. Sitarski, to which Petitioner has not filed any objection,[1] and the entire record in this case, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [Doc. No. 5] is **APPROVED AND ADOPTED**;[2]

---

[1] On September 24, 2014, a copy of the R&R mailed to Plaintiff was returned to the Court as undeliverable. Pursuant to Local Rule of Civil Procedure 5.1, it is Petitioner's responsibility to file written notice of any change of address within 14 days. On January 14, 2015, the Court, upon consideration of Petitioner's Notice of Changed Address in a related case, *Sterner v. Moore*, no. 13-CIV-4061, Doc. No. 13 (E.D. Pa.), directed the Clerk of Court to mail Petitioner copies of all filings in this case at the address that Petitioner provided in the notice and extended the time for Petitioner to file objections to the R&R until January 29, 2015. To date, Petitioner has not filed any objection to the R&R.

[2] On April 26, 2011, Petitioner pled guilty to robbery, simple assault, harassment, loitering and prowling at nighttime, and theft of moveable property in the Bucks County Court of Common Pleas and received a sentence of six to twenty-three months' imprisonment and two years' probation. Petitioner alleges that he attempted to appeal his conviction in an unspecified manner and received no response to his appeal, but no appeal was docketed on Petitioner's behalf in state court. Petitioner admits that he did not seek state collateral review of his conviction and the record reveals that no other post-conviction motions were filed.

On July 9, 2013, Petitioner filed a petition for a writ of habeas corpus in this Court challenging his April 26, 2011, conviction as well as a November 10, 2010, conviction for criminal trespass in Bucks County. This Court ordered Petitioner to re-file separate petitions challenging each of his convictions. Petitioner's revised petition challenging his April 26, 2011 conviction (hereinafter "Petition") is the subject of this case. The Petition alleges that his April 26, 2011 conviction was unconstitutional on four grounds: 1) "Interference by government officials, Amendments 1, 5, 6, 8 violations"; 2) "Bribery/Official and Political Matters"; 3) "Obstructing Justice"; and 4) "Corrupt Organizations." Petition at 3. On November 6, 2013,

2. The Petition [Doc. No. 1] is **DISMISSED WITHOUT AN EVIDENTIARY HEARING**;

3. A Certificate of Appealability **SHALL NOT ISSUE**;[3]

The Clerk of Court is directed to **CLOSE** this case.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**

---

this Court referred the case to United States Magistrate Judge Lynne A. Sitarski for a Report and Recommendation.

The R&R correctly identifies the dispositive issue as the timeliness of the Petition. Pursuant to 28 U.S.C. § 2244(d)(1), a petition for a writ of habeas corpus must be filed in federal court within one year of the date upon which a state conviction becomes final. This one year limitations period is extended by any length of time that the petitioner pursues state collateral review of his conviction. 28 U.S.C. § 2244(d)(2). Because no appeal was docketed on Petitioner's behalf, Petitioner did not pursue state collateral review, and no other post-conviction motions were filed, Petitioner's conviction became final on May 26, 2011, when the time for filing a direct appeal lapsed. *See* Pa. R. App. P. 903(c)(3) (stating that notice of appeal in a criminal case in which no post-sentence motions were filed must be filed within 30 days of the imposition of the sentence). Petitioner did not file a federal habeas petition until July 9, 2013, more than two years later. Petitioner therefore failed to file the Petitioner within the one year limitations period.

The R&R also recognizes that the Petition, liberally construed, raises a claim for equitable tolling of the limitations period. In order to ensure the finality of state convictions, equitable tolling requires a petitioner to "show[] (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). Petitioner contends that he was unable to file within the limitations period because of "ineffective assistance of counsel," without providing any further explanation. Petition at 14. The bare assertion of ineffective assistance of counsel is not sufficient to meet Petitioner's burden to show that extraordinary circumstances prevented him from timely filing his Petition.

The R&R is also correct that the remainder of the Petition provides no grounds for equitable tolling. Petitioner further contends that he was unable to appeal his conviction because he was "uneducated in due process of law" and he received no response to his attempt to appeal his conviction. Petition at 7, 9, 11. It is well-established that a petitioner's ignorance of the law is not grounds for equitable tolling. *See Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013). The Petition also provides no basis to conclude that Petitioner exercised reasonable diligence in attempting to appeal because the Petition does not explain how Petitioner attempted to appeal. For these reasons, equitable tolling is not warranted and the R&R that the Petition be dismissed as untimely will be adopted.

[3] For the reasons discussed above, Petitioner has made no "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), and is therefore not entitled to a certificate of appealability.